# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 1, 2007**

Charles R. Fulbruge III
Clerk

No. 07-30065
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARCADIO VILLALOVOS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:06-CR-30008-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Arcadio Villalovos appeals his conviction for conspiracy to possess more than five kilograms of cocaine with intent to distribute and possession of more than five kilograms of cocaine with intent to distribute. He argues that the evidence was not sufficient to prove that he knew cocaine was secreted in a hidden compartment of the vehicle that he was driving when he was stopped by a Louisiana patrol officer for alleged traffic violations.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The argument fails. Viewing the evidence in the light most favorable to the prosecution, there was ample circumstantial evidence of guilty knowledge. See United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000). Villalovos was the driver of a vehicle containing over 30 kilograms of cocaine, valued at approximately $600,000, which had been placed inside a hidden compartment in the rear cargo area. On the basis of Villalovos's nervous behavior during his interaction with law enforcement, the implausible and inconsistent statements Villalovos made during questioning, the substantial modifications made to the vehicle, and the large amount of cocaine involved, there was more than sufficient evidence to support an inference by the jury that Villalovos knew that the vehicle contained cocaine. See United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998); United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003).

Villalovos additionally argues that the district court erred in denying his motion to suppress the evidence recovered during the search of the vehicle. He argues that his detention was impermissibly extended and that he did not voluntarily consent to the search.

Our review of the record shows that the district court did not err in determining that the initial stop of Villalovos's vehicle was permissibly extended based on reasonable suspicion of other criminal activity. See United States v. Brigham, 382 F.3d 500, 506-07 (5th Cir. 2004) (en banc). The district court also did not err in determining that Villalovos voluntarily consented to the search of his vehicle. See United States v. Solis, 299 F.3d 420, 435-37 (5th Cir. 2002); United States v. Shabazz, 993 F.2d 431, 437-39 (5th Cir. 1993). Villalovos has not shown that the district court erred in denying his motion to suppress.

AFFIRMED.